**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**May 24, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **C.G.-1, T.R., E.L., and C.G.-2**

**No. 18-1115** (Wood County 17-JA-175, 17-JA-176, 17-JA-177, and 17-JA-178)

## MEMORANDUM DECISION

Petitioner Father J.L.[1], by counsel Eric K. Powell, appeals the Circuit Court of Wood County's November 13, 2018, order terminating his rights to C.G.-1, T.R., E.L., and C.G.-2.[2] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jeffrey B. Reed, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that he did not receive effective assistance of counsel.[3]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2017, the DHHR filed an abuse and neglect petition that alleged petitioner sexually abused at least one of the children. According to the petition, two of the children

[1]In the DHHR's petition below, petitioner was listed as the father of E.L. Later genetic testing, however, revealed that G.G., the father of C.G.-1 and C.G.-2, was also E.L.'s father. Despite this testing, the record does not reflect that the DHHR filed an amended petition to reflect petitioner's relation to E.L. Accordingly, petitioner is reflected as "father" on appeal.

[2]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, they will be referred to as C.G.-1 and C.G.-2, respectively, throughout this memorandum decision. Finally, we note that in the order on appeal, the circuit court terminated "any rights that [petitioner] may have" to the children by virtue of the fact that they resided in his home prior to the petition's filing. At the outset of the proceedings, the DHHR alleged that petitioner was the father of E.L. However, genetic testing later confirmed that petitioner was not that child's biological father.

[3]Petitioner raises no assignment of error regarding the circuit court's termination of his parental rights.

1

specifically disclosed that they were sexually abused while in the home. Thereafter, petitioner waived his right to a preliminary hearing.

In August of 2017, the circuit court held an adjudicatory hearing during which it admitted into evidence recordings of the children's forensic interviews. According to the record, petitioner's counsel at the time specifically agreed to the introduction of this evidence. Thereafter, the adjudicatory hearing was continued multiple times until the circuit court ultimately entered an order adjudicating petitioner as an abusing parent in August of 2018. This was based on the circuit court's finding that petitioner sexually abused C.G.-1.

In October of 2018, the circuit court held a dispositional hearing. During the hearing, petitioner's counsel proffered that petitioner continued to deny committing any sexual abuse, despite the evidence and findings at adjudication. Ultimately, the circuit court denied petitioner's request for an improvement period and terminated his rights to the children. It is from the dispositional order that petitioner appeals.[4]

On appeal to this Court, petitioner raises only one assignment of error. According to petitioner, he was entitled to effective assistance of counsel, which he did not receive. Specifically, petitioner alleges that his prior counsel was ineffective because he failed "to present cogent arguments against the admission of" C.G.-1's recorded forensic interview, failed "to object to the admission of said interview and thereby fail[ed] to properly preserve the issue for appeal." However, this Court has never recognized a claim of ineffective assistance of counsel in an abuse and neglect proceeding and we decline to do so here.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 13, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4]The circuit court terminated the parental rights of K.D., the father of T.R., and the parental rights of N.S., the mother of all the children. The children are currently all placed in the custody of G.G., the non-abusing father of C.G.-1, E.L., and C.G.-2. The permanency plan is for those children to remain in their non-abusing father's custody, while the father will also be granted a legal guardianship over T.R.